THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **PRIVAKEY, INC.,**<br><br>*Plaintiff,*<br><br>v.<br><br>**CISCO SYSTEMS, INC.,**<br><br>*Defendant.* | Civil Action No. 2:25-cv-00984<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Privakey, Inc. hereby files this Complaint for Patent Infringement and Damages against Defendant Cisco Systems, Inc., and would respectfully show the Court as follows:

## PARTIES

1. Plaintiff Privakey, Inc. ("Privakey" or "Plaintiff") is a Delaware corporation with its principal place of business at 1880 John F Kennedy Blvd #1909, Philadelphia, PA 19103.

2. On information and belief, Defendant Cisco Systems, Inc. ("Cisco" or "Defendant") is a corporation duly organized and existing under the laws of the State of Delaware. It has a place of business at 2250 East President George Bush Highway, Richardson, Texas 75082. Cisco may also be served with process through its registered agent, Corporation Service Company d/b/a CSC- Lawyers Incorporating Service Company, at 211 E. 7th Street, Suite 620, Austin, Texas 78701.

3. On information and belief, Cisco directly develops, designs, manufactures, uses, distributes, markets, offers to sell and/or sells infringing products and services in the United States, including in the Eastern District of Texas, and otherwise directs infringing activities to this District

1

in connection with its products and services as set forth in this complaint. This includes but is not limited to Cisco's Duo Product, which includes its "Duo Mobile App, a.k.a. Duo Mobile," "Duo Advantage," "Duo Premier" and associated components that include but are not limited to "Duo's core IdP backend," "Duo mobile SDK," "Duo Push Authorizations," "Duo Push," "Duo Mobile Credentials," "Duo Central," "Duo Single Sign-On," "Duo Universal Prompt," "Duo Authentication Proxy," "Duo two-factor authentication," "Duo Identity," "Duo Free," "Duo Essentials," "Duo Advantage," and "Duo Premier."

## JURISDICTION AND VENUE

4. This civil action arises under the Patent Laws of the United States, 35 U.S.C. § 1 et seq., including without limitation 35 U.S.C. §§ 271, 281, 283, 284, and 285.

5. This Court has federal subject matter jurisdiction over this action pursuant to, inter alia, 28 U.S.C. §§ 1331, 1332, and 1338(a).

6. Privakey's causes of action arise, at least in part, from Defendant's contacts with and activities in this District and the State of Texas.

7. Personal jurisdiction exists generally over the Defendant because it has sufficient minimum contacts and/or has engaged in continuous and systematic activities in the forum as a result of business conducted within Texas, including in the Eastern District of Texas. This Court has personal jurisdiction over Defendant pursuant to TEX. CIV. PRAC. & REM. CODE § 17.041 *et seq*. and principles of due process. Personal jurisdiction also exists over Defendant because on information and belief each, directly or through subsidiaries, makes, uses, sells, offers for sale, imports, advertises, makes available, and/or markets products and/or services within Texas, including in the Eastern District of Texas, that infringe one or more claims of United States Patent

Nos. 9,813,400 (the "'400 Patent") 1,0348,715 (the "'715 Patent"), and 10,904,234 (the "'234 Patent") (collectively, the "Patents-In-Suit" or the "Privakey Patents").

8. All allegations and support thereof regarding jurisdiction herein are hereby incorporated by reference for the purposes of venue.

9. Venue is proper in this Court under 28 U.S.C. §§ 1391(b) and (c) and 1400(b). Defendant makes, uses, sells, offers to sell, and/or imports products and/or services that are accused of infringing the Patents-In-Suit into and/or within this District and has a regular and established place of business within this District.

10. Defendant has solicited business in the Eastern District of Texas, transacted business within this District, and attempted to derive financial benefit from the residents of this District, including benefits directly related to Defendant's infringement of the Patents-In-Suit.

11. On information and belief, Defendant maintains regular and established places of business at 2260 Chelsea Blvd., Allen TX 75013; 2250 East President George Bush Highway, Building 5, Richardson TX; and Cisco Building RCDN-6, Renner Pkwy & W. Renner Rd., Richardson TX 75080.

12. On information and belief, Cisco Defendant employs nearly 500 persons in the Eastern District of Texas, and approximately 1900 persons in or near the Eastern District of Texas throughout the northern portion of the Dallas-Fort Worth Metroplex. On information and belief, at least some of the personnel it employs in positions related to the Patents-In-Suit and/or Accused Products are in Defendant's Richardson and/or Allen facilities in this District. Further, Defendant has filed in the Marshall Division of this District multiple patent cases.

13. Venue is also proper because, on information and belief, Defendant has a regular and established place of business in this District, including facilities in Richardson, Texas and

Allen, Texas. Defendant is registered with the Secretary of State to do business in the State of Texas. Defendant also has authorized sellers and sales representatives that offer for sale and sell infringing products to consumers throughout Texas and in this District, including at least Cynergy Technology based in Tyler, Texas and Longview, Texas. On information and belief, Defendant currently operates out of or makes use of leased, work-share, co-op or other arrangements for space, offices or facilities in this District, including through its partners and/or agents.

14. For example, on information and belief, Defendant implements a comprehensive work-from-home policy under which Defendant has adopted or ratified one or more additional places of business in this District, including but not limited to the homes of employees, such that the collection of these locations constitutes an aggregate network of regular and established places in this District, in and from which business is operated. On information and belief, Defendant specifically advertises for and solicits employees to reside and work remotely in this District, including to support its customers in the District, and provides and/or stores literature, equipment and/or inventory at those locations for the purpose of enabling these employees to conduct their jobs and use such literature, equipment and/or inventory specifically in this District. On information and belief, Defendant employs service technicians and sales representatives in this District who provide support and sales services to existing Defendant's customers and prospective customers residing in this District. The work of these Defendant service technicians and sales representatives is therefore inextricably tied to this District.

15. Further, Defendant has admitted or not contested personal jurisdiction in this District. *See Orckit Corp. v. Cisco Systems, Inc.*, No. 2:22-cv-276-JRG-RSP, Dkt. 26 (E.D. Tex. Oct. 28, 2022).

16. Plaintiff has fulfilled its obligations, if any, under 35 U.S.C. § 287.

## THE PATENTS-IN-SUIT

17. On November 7, 2017, United States Patent No. 9,813,400 B2 ("the '400 patent"), entitled "Computer-Implemented Systems and Methods of Device Based, Internet-Centric, Authentication," was duly and legally issued by the United States Patent and Trademark Office ("USPTO") to Brian G. Ross, Benjamin P. Hollin, Charles J. Durkin, Harry D. Anuszewski, and Joseph A. Fischetti. A true and correct copy of the '400 patent is attached hereto as **Exhibit A**.

18. On July 9, 2019, United States Patent No. 10,348,715 B2 ("the '715 patent"), entitled "Computer-Implemented Systems and Methods of Device Based, Internet-Centric, Authentication," was duly and legally issued by the United States Patent and Trademark Office ("USPTO") to Brian G. Ross, Benjamin P. Hollin, Charles J. Durkin, Harry D. Anuszewski, and Joseph A. Fischetti. A true and correct copy of the '715 patent is attached hereto as **Exhibit B**.

19. On January 26, 2021, United States Patent No. 10,904,234 B2 ("the '234 patent"), entitled "Systems and Methods of Device Based Customer Authentication and Authorization," was duly and legally issued by the United States Patent and Trademark Office ("USPTO") to Brian G. Ross, Benjamin P. Hollin, Charles J. Durkin, Nicholas Vaccaro, Joseph A. Fischetti, and Michael Evans. A true and correct copy of the '234 patent is attached hereto as **Exhibit C**.

20. Each of the Patents-in-Suit – the '400, '715, and '234 patents – claims patent-eligible subject matter and is presumed valid and enforceable under 35 U.S.C. §282.

21. Privakey is the exclusive owner by assignment of all rights, title, and interest in each of the Patents-in-Suit, including the right to bring this suit for injunctive relief and damages, and including the right to sue and recover all past, present, and future damages for infringement of the Patents-in-Suit.

22. Privakey is an active company and currently markets a "single sign-on and identity verification solution designed to streamline and secure access across a wide array of applications and services" on the Internet at https://www.privakey.com/product. Marking of their patented products is satisfied under 35 U.S.C. § 287(a) because the patents are posted on the Internet at the same website at the URL https://www.privakey.com/patents (accessible via link from https://www.privakey.com/product). This website is accessible to the public without charge, and associates Privakey's product with the patent numbers of the patents-in-suit.

23. Defendant does not have a license to any of the Patents-in-Suit, either expressly or implicitly, nor does Defendant enjoy or benefit from any rights in or to any of the Patents-in-Suit whatsoever.

24. Representative claim charts showing a sample of infringement of one claim of each of the Patents-in-Suit by the Accused Products are appended to this Complaint as Exhibits **D-F.**

## ACCUSED PRODUCTS

25. Defendant makes, uses, sells, offers to sell, tests, designs, distributes, and/or imports into the United States, user authentication systems such as, and without limitation, Cisco's Duo Product ("Duo" or "Cisco Duo"). Among other things, Cisco Duo is a cloud-based secure access platform that combines multi-factor authentication, single sign-on, device trust, and adaptive policies to enforce zero-trust access to apps and networks.

26. Hereafter, the term "Accused Products" refers to all products (including but not limited to software, hardware, and network architectural and design elements) manufactured, used, tested, imported, sold or offered to sell by or on behalf of Defendant practicing the Patents-in- Suit and all processes employed by Defendant that practice the patents-in-suit, consisting of, without

limitation, at least: all series of Duo Free, Duo Essentials, Duo Advantage, Duo Premier and any other Duo user authentication platforms.

27. Defendant has knowingly (since at least the date of this Complaint) and willfully infringed the Patents-in-Suit and has actively aided, abetted, and induced others to directly infringe the Patents-in-Suit (such as its customers in this District and throughout the United States).

28. Defendant has knowingly (since at least the date of this Complaint), intentionally, and actively aided, abetted, and induced others to directly infringe each of the Patents-In-Suit (such as its customers in this District and throughout the United States).

## COUNT I
## PATENT INFRINGEMENT OF THE '400 PATENT

29. Plaintiff restates and realleges the preceding paragraphs of this Complaint, which are incorporated by reference as if fully restated herein.

30. Defendant, under 35 U.S.C. § 271(a), directly, literally, and/or under the doctrine of equivalents infringed one or more claims of the '400 patent, by making, using, testing, selling, offering for sale and/or importing into the United States Defendant's Accused Products.

31. Defendant caused Privakey irreparable injury and damage by infringing one or more claims of the '400 patent.

32. Representative claim chart attached hereto as **Exhibit D** describes how the elements of an exemplary claim of the '400 patent is infringed by one or more of the Accused Products. This provides details regarding only one example of Defendant's infringement, and only as to a single patent claim, and Plaintiff reserves its right to provide greater detail and scope via its Infringement Contentions at the time required under this Court's scheduling order and as rightfully supplemented after discovery has been obtained.

## COUNT II
## PATENT INFRINGEMENT OF THE '715 PATENT

33. Plaintiff restates and realleges the preceding paragraphs of this Complaint, which are incorporated by reference as if fully restated herein.

34. Defendant, under 35 U.S.C. § 271(a), directly, literally, and/or under the doctrine of equivalents infringed one or more claims of the '715 patent, by making, using, testing, selling, offering for sale and/or importing into the United States Defendant's Accused Products.

35. Defendant caused Privakey irreparable injury and damage by infringing one or more claims of the '715 patent.

36. Representative claim chart attached hereto as **Exhibit E** describes how the elements of an exemplary claim of the '715 patent is infringed by one or more of the Accused Products. This provides details regarding only one example of Defendant's infringement, and only as to a single patent claim, and Plaintiff reserves its right to provide greater detail and scope via its Infringement Contentions at the time required under this Court's scheduling order and as rightfully supplemented after discovery has been obtained

## COUNT III
## PATENT INFRINGEMENT OF THE '234 PATENT

37. Plaintiff restates and realleges the preceding paragraphs of this Complaint, which are incorporated by reference as if fully restated herein.

38. Defendant, under 35 U.S.C. § 271(a), directly, literally, and/or under the doctrine of equivalents infringed one or more claims of the '234 patent, by making, using, testing, selling, offering for sale and/or importing into the United States Defendant's Accused Products.

39. Defendant caused Privakey irreparable injury and damage by infringing one or more claims of the '234 patent.

40. Representative claim chart attached hereto as **Exhibit F** describes how the elements of an exemplary claim of the '234 patent is infringed by one or more of the Accused Products. This provides details regarding only one example of Defendant's infringement, and only as to a single patent claim, and Plaintiff reserves its right to provide greater detail and scope via its Infringement Contentions at the time required under this Court's scheduling order and as rightfully supplemented after discovery has been obtained.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Privakey, Inc. respectfully requests the following relief:

A. A judgment that Defendant has directly infringed either literally and/or under the doctrine of equivalents, and continues to directly infringe, the Privakey Patents set forth in this Complaint;

B. A judgment that Defendant has actively induced infringement and continues to induce infringement of the Privakey Patents set forth in this Complaint;

C. A judgment that Defendant has contributorily infringed and continues to contributorily infringe the Privakey Patents set forth in this Complaint;

D. A judgment and order requiring Defendant to pay Plaintiff damages under 35 U.S.C. § 284, including without limitation both convoyed and derivative sales, as well as supplemental damages for any continuing post-verdict infringement through entry of the final judgment with an accounting as needed;

E. A judgment that Defendant's infringement of each of the Privakey Patents is willful;

F. A judgment awarding Plaintiff enhanced damages due to Defendant's infringement pursuant to 35 U.S.C. § 284;

      G.      A judgment that this is an exceptional case within the meaning of 35 U.S.C. § 285 and Plaintiff is therefore entitled to reasonable attorneys' fees;

      H.      An accounting for acts of infringement and supplemental damages for infringement and/or damages not presented at trial, including, without limitation, pre-judgment and post-judgment interest on the damages awarded;

      I.      A judgment and order awarding a compulsory ongoing royalty;

      J.      A judgment and order awarding Plaintiff costs associated with bringing this action;

      K.      A judgment granting a preliminary and permanent injunction that restrains and enjoins Defendant, its officers, directors, divisions, employees, agents, servants, parents, subsidiaries, successors, assigns, and all those in privity, concert, or participation with them from directly infringing any of the Asserted Patents;

      L.      All equitable relief the Court deems just and proper; and

      M.      Such other relief which may be requested and to which the Plaintiffs are entitled.

## JURY TRIAL DEMANDED

Pursuant to FED. R. CIV. P. 38, Plaintiff Privakey Inc. hereby demands a trial by jury on all issues so triable.

Date: October 1, 2025

*Of counsel*:
Michael C. Smith
Texas Bar No. 18650410
**SCHEEF & STONE LLP**
113 East Austin Street
Marshall, Texas 75670
Telephone: (903) 938-8900
michael.smith@solidcounsel.com

Respectfully submitted,

*/s/ Erick S. Robinson*
Erick S. Robinson
Texas Bar No. 24039142
Jayme Partridge
Texas Bar No. 17132060
Patrick M. Dunn
Texas Bar No. 24125214
**BROWN RUDNICK LLP**
609 Main Street, Suite 3550
Houston, TX 77002
Tel: (281) 815-0511
Fax: (281) 605-5699
erobinson@brownrudnick.com
jpartridge@brownrudnick.com
pdunn@brownrudnick.com

Harold S. Laidlaw
New York Bar No. 5344296
**BROWN RUDNICK LLP**
Times Square Tower, 47th Fl.
7 Times Square
New York, NY 10036
Tel: (212) 209-4800
Fax: (212) 209-4801
hlaidlaw@brownrudnick.com

***Attorneys for Plaintiff,
Privakey, Inc.***